B104 (FORM 104) (08/07)                                                                                    EDVA

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**
Bruce H. Matson, Trustee

**DEFENDANTS**
John Prutzman

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Christopher L. Perkins and Paris R. Sorrell, LeClairRyan
Riverfront Plaza, East Tower, 951 East Byrd Street, 8th Floor
Richmond, Virginia 23219     (804) 783-7527

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☑ Trustee

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☑ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to sell property (11 U.S.C. 363) and request for injunctive relief.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☑ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

**Other Relief Sought**
An order granting authorization to sell defendant's interest in property, enjoining defendant from interfering with the sale, ordering defendant to vacate the property and ordering defendant to cooperate with the Trustee in the sale efforts.

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Kathleen Prutzman | BANKRUPTCY CASE NO.<br>11-32827 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Huennekens |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Paris R. Sorrell* | | |
| DATE<br>July 28, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Paris R. Sorrell | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KATHLEEN PRUTZMAN, | ) | Case No.: 11-32827 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| BRUCE H. MATSON, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN PRUTZMAN, | ) | Adv. Proc. No.: ⎯⎯⎯⎯⎯⎯⎯ |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO SELL PROPERTY AND FOR INJUNCTIVE RELIEF

Bruce H. Matson, Chapter 7 Trustee (the "Trustee"), by counsel and pursuant to 11 U.S.C. §§ 105 and 363 and Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure, hereby requests this Court to authorize the sale of property of the estate and provide injunctive relief and, in support thereof, states as follows:

### Jurisdiction and Background

1. On April 27, 2011, Kathleen Prutzman (the "Debtor") filed a voluntary petition for relief under Chapter 7 of 11 U.S.C. § 101 et seq. in the United States Bankruptcy Court for

---

Christopher L. Perkins (VSB No. 41783)
Paris R. Sorrell (VSB No. 80953)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219

*Counsel for Bruce H. Matson, Trustee*

the Eastern District of Virginia, Richmond Division, commencing the above-captioned case (the "Case").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The Trustee was appointed trustee in this Case and continues to serve in that capacity.

5. John Prutzman ("Mr. Prutzman") is a resident of Glen Allen, Virginia, and the spouse of the Debtor.

6. Pursuant to 11 U.S.C. § 541(a), the Debtor has an interest in a certain parcel of real property more commonly known as 4501 Dalat Court, Glen Allen, Virginia 23060 (the "Property").

7. The Debtor owns the Property as tenants in common with Mr. Prutzman.

8. The Property is valuable to the bankruptcy estate.

9. The Debtor's attorney is aware of and agrees with the Trustee's proposed course of action.

### Count I
### (Authority to Sell pursuant to 11 U.S.C. § 363)

10. The allegations set forth in paragraphs 1 through 8, above, are incorporated herein by reference.

11. Pursuant to 11 U.S.C. § 363(b), (f) and (h), the Trustee may sell Mr. Prutzman's interest with the interest of the estate in the Property, in that (a) Mr. Prutzman's interest is an undivided interest as a tenant in common, (b) partition in kind of the Property among the estate

and Mr. Prutzman is impracticable in that the Property is situated in a manner that renders such partition impossible, (c) the sale of the estate's undivided interest in the Property would realize significantly less for the estate than the sale of the Property free of the interests of Mr. Prutzman, (d) the benefit to the estate of a sale of the Property free of the interests of Mr. Prutzman outweighs the detriment, if any, to the Co-owner, in that the Co-owner will receive his share of the net proceeds of the sale pursuant to 11 U.S.C. § 363(j), and (e) the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

## Count II
### (Injunctive Relief)

12.     The allegations set forth in paragraphs 1 through 10, above, are incorporated herein by reference.

13.     Upon information and belief, Mr. Prutzman is in control of the Property and has, among other actions, prevented a prospective realtor employed by the Trustee from visiting and photographing the Property.

14.     If the Trustee is authorized to sell the Property, the Trustee and his employees and agents must have full and unencumbered possession, control and access to the Property, in order to inspect the Property, to prepare it for sale, to show the Property to prospective purchasers, to advertise the sale and conduct the sale.

15.     The actions of Mr. Prutzman will prevent the Trustee from taking the necessary actions to sell the Property.

16.     The estate will be irreparably harmed if the Court does not enjoin Mr. Prutzman from interfering with the sale and order him to vacate the Property.

17. The benefit to the estate arising from an order enjoining Mr. Prutzman from interfering in the performance on the Trustee's sale and ordering him to vacate the premises will far outweigh any potential detriment to Mr. Prutzman arising from such an order, in that Mr. Prutzman will receive the benefit of a well planned and executed sale.

WHEREFORE, Bruce H. Matson, by counsel, requests that the Court enter judgment against the Defendant (a) authorizing the Trustee's sale of Mr. Prutzman's interest in the Property with the estate's interest as approved by the Court at a sale to be approved at a later date, and (b) enjoining Mr. Prutzman from interfering with the Trustee's sale and ordering Mr. Prutzman to vacate the Property, (c) ordering Mr. Prutzman to corporate with the Trustee in his sale efforts and (d) granting the Trustee such other and further relief as is just and proper.

BRUCE H. MATSON, TRUSTEE

/s/ Paris R. Sorrell
Counsel

Christopher L. Perkins (VSB No. 41783)
Paris R. Sorrell (VSB No. 80953)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219

*Counsel for Bruce H. Matson, Trustee*